UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**HECTOR MELENDEZ, on behalf of himself and all other similarly situated,**

                          **Plaintiff,**

               -against-

**COSAN CONSTRUCTION CORP.,
COSAN NEW YORK INC., and
TERENCE FERGUSON, individually,**

                        **Defendants.**

------------------------------------------------------------------------X

COMPLAINT

CLASS ACTION

FLSA COLLECTIVE ACTION

      Plaintiff Hector Melendez, ("Plaintiff"), individually, on behalf of himself and others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Defendants Cosan Construction Corp., Cosan New York, Inc., and Terence Ferguson, individually, (collectively herein "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is a class action brought on behalf of Plaintiff and all similarly situated individuals who are or were employed by Defendants as construction laborers to recover overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants.

2. Plaintiff and the collective and Rule 23 class worked (or currently work) on behalf of Defendants.

3. As discussed in more detail below, Defendants perform construction work on buildings throughout New York City.

4. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers (the "FLSA Collective Class") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the hands of Defendants.

5. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

6. Plaintiff also seeks to certify a class under Rule 23 on behalf of those similarly situated current and former construction laborers who were not paid overtime in violation of the NYLL (the "Rule 23 Class").

7. Plaintiff and the FLSA collective class and the Rule 23 Class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

8. Plaintiff also brings this lawsuit under the retaliatory provisions of the NYLL. As discussed in more detail below, Defendants unlawfully retaliated against Plaintiff for speaking to a Department of Labor investigator about his wages at Defendants.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff and the Putative Class**

12. Plaintiff and the FLSA Collective Class and the Rule 23 Class were/are employees of Defendants.

13. Plaintiff and the FLSA Collective Class and the Rule 23 Class worked for Defendants at various construction sites in New York City.

14. Plaintiff and the FLSA Collective Class and the Rule 23 Class were covered employees within the meaning of the FLSA and the NYLL.

**Defendants Cosan Construction Corp., Cosan New York Inc., and Terence Ferguson**

15. Defendant Cosan Construction Corp. is a domestic business corporation engaged and operating in the construction industry.

16. On information and belief, the corporate address for Cosan Construction Corp. is 734 S. Columbus Ave., Mount Vernon, NY 10550.

17. Since on or about March 2014, Cosan Construction Corp. has been incorporated.

18. Defendant Cosan New York Inc. is a domestic business corporation engaged and operating in the construction industry.

19. The corporate address for Cosan New York Inc. is 734 S. Columbus Ave., Mount Vernon, NY 10550.

20. Since March 2, 2018, Cosan New York Inc. has been incorporated.

21. On information and belief, Terence Ferguson ("Ferguson") owns and controls both Cosan Construction Corp. and Cosan New York Inc.

22. On information and belief, Ferguson has complete control of Cosan Construction Corp. and Cosan New York Inc.

23. On information and belief, Ferguson determines the salaries and work schedules of its employees, including but not limited to, construction employees.

24. At all times relevant to this action, Cosan Construction Corp. and Cosan New York Inc. were "enterprise[s] engaged in interstate commerce" within the meaning of the FLSA.

25. Cosan Construction Corp. and Cosan New York Inc. have (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

**Defendants**

26. On information and belief, since 2014 Cosan Construction has been in the construction business.

27. On information and belief, Ferguson is the owner and President of Cosan Construction.

28. According to Cosan Construction's LinkedIn profile, Cosan Construction is a "Masonry & Self Leveling company focusing on large scale affordable and market rate housing developments."

29. Cosan Construction. requires a significant percentage of their construction laborers to work more than 40 hours a week.

30. In virtually all instances Cosan Construction does not pay their employees time and one half for all work performed after 40 hours a week.

### Plaintiff Hector Melendez's Employment at Defendants

31. Melendez worked on behalf of Defendants from on or about October 2017 through on or about August 13, 2021.

32. Melendez worked on behalf of Defendants as a construction laborer.

33. From 2017 through 2019, Melendez was paid $22 an hour for all work performed, including work performed after 40 hours.

34. From 2020 to the present, Melendez was paid $24 an hour for all work performed, including work performed after 40 hours.

35. Throughout Plaintiff's employment with Defendants, Melendez was paid by two separate checks for his hours worked each week.

36. Defendants paid Melendez in this matter to circumvent their obligations under the FLSA and NYLL.

37. Melendez often worked six days per week on behalf of Defendants.

38. Throughout Melendez's employment with Defendants, he was required to clock in and out using an app on his phone.

39. When Defendants paid Melendez, they did not take legally required withholdings.

### Defendants' Unlawful Termination of Plaintiff Melendez's Employment

40. On or about April 2021, an investigator from the Department of Labor ("DOL") began speaking to employees of Defendants.

41. While speaking to the DOL investigator, Plaintiff Melendez realized through the investigator's questions that he was not being paid in compliance with the FLSA and the NYLL with respect to overtime work performed.

42. The day after Plaintiff Melendez spoke to the DOL investigator, Melendez's wife (Yuri Malleny Blanco Caal), who also worked for Defendants, was terminated from her position.

43. When Melendez's wife's position was terminated, Defendants told her that "[she was] being fired because [her] husband opened his mouth and betrayed [them]."

44. Melendez's wife was terminated for her husband engaging in protected activity—specifically his discussion with the NY DOL investigator.

45. Following Caal's termination, Melendez's foreman began to harass him at work. while he was working.

46. This harassment was because Melendez spoke with the investigator from the NY DOL investigator.

47. On August 13, 2021, Melendez was also terminated from his position with Defendants.

48. Prior to his termination, Melendez had never received any disciplinary action or poor reviews in his position at Defendants.

49. Defendants unlawfully retaliated against Plaintiff for speaking about his wages to the DOL.

**Defendants' Violations of the Wage Theft Prevention Act**

50. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates upon hire and when they receive wage increases.

51. Throughout Plaintiff and the Rule 23 Class's employment with Defendants, Defendants paid Plaintiff and the Rule 23 Class wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

52. Plaintiff and the Rule 23 Class were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

53. Upon information and belief, wage notices and statutory notices were never given to or signed by any employee at Defendants.

54. In addition, Defendants failed to provide proper wage statements as required under 195(3).

**FLSA COLLECTIVE ACTION ALLEGATIONS**

55. The claims in this Complaint arising out of the FLSA are brought by Plaintiff and the FLSA Collective on behalf of themselves and other similarly situated construction laborers who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

56. The FLSA Collective Plaintiffs consist of more than 100 similarly situated current and former employees of Defendants, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

57. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective Plaintiffs.

58. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective Plaintiffs. This policy, pattern or practice includes but is not limited to requiring all construction laborers to work more than 40 hours a week but not paying them time and one half for all work performed after 40 hours.

59. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiffs for the overtime hours worked.

60. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs overtime premiums for hours worked in excess of 40 per workweek.

61. Plaintiff and the FLSA Collective Plaintiff perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

62. Defendants' unlawful conduct is widespread, repeated and consistent.

63. There are many similarly situated current and former non-exempt construction laborers who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

64. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS AGAINST DEFENDANTS

65. <u>Proposed Class.</u>  The proposed class comprises all individuals who worked for Defendants as construction laborers during the applicable period commencing six years before this Complaint was filed.

66. All class members were not paid correctly in accordance with the NYLL.

67. All class members were not provided with wage notices and wage statements as required by the NYLL.

68. These class members worked more than 40 hours per week for Defendants.  The class members, though, were not paid overtime in compliance with the NYLL in that they were not paid time and one half for all work performed after 40 hours.

69. <u>Ascertainability.</u>  The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure.  To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking employees.

70. <u>Numerosity.</u>  The size of the class makes a class action both necessary and efficient.  The size of the class consists of more than 150 employees.  The class is so numerous that joinder is impracticable.

71. <u>Common Questions of Law and Fact.</u>  This case poses common questions of law and fact affecting the rights of all class members, including:

    a) Whether it was Defendants' policy and practice to not pay overtime to those putative class members who worked in excess of 40 hours in a workweek;

    b) Whether Defendants provided accurate and lawful wage notices to Plaintiff and the putative class at the time of hiring; and,

    c) Whether Defendants provided accurate and lawful wage statements to Plaintiff and the putative class when they paid them.

72. <u>Typicality.</u>  The claims of the individual Plaintiff are typical of the claims of the class as a whole.  Defendants' unlawful wage policies and practices, which have operated to deny Plaintiff and the class the overtime required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

73. <u>Adequacy of Class Representation.</u>  The named Plaintiff Hector Melendez can adequately and fairly represent the interests of the class as defined above, because his individual interests are consistent with, and not antagonistic to, the interests of the class, to wit: he were not paid the proper overtime pay under the FLSA and NYLL.

74. <u>Propriety of Class Action Mechanism.</u>  Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

75. This action is properly maintainable as a class action under Federal Rules of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3).

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Unpaid Overtime**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

76. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

78. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

79. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

80. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

81. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

82. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime
### (Brought on behalf of Plaintiff and the Rule 23 Class)

83. Plaintiff, on behalf of himself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants failed to pay Plaintiff and the Rule 23 Class the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

85. Defendants failed to pay Plaintiff and the Rule 23 Class the appropriate overtime premiums for all work in excess of forty hours per workweek.

86. Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

87. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law-Failure to Provide Annual Wage Notices
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

88. Plaintiff, on behalf of himself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants willfully failed to supply Plaintiff and the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language

13

identified by Plaintiff and the Rule 23 Class as their primary language, containing Plaintiff and the Rule 23 Class's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

90. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*.

91. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with wage notices, or a total of 5 thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law-Failure to Provide Wage Statements**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

92. Plaintiff, on the behalf of himself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants willfully failed to supply Plaintiff and the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if

14

applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

94. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

95. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FIFTH CAUSE OF ACTION
## Unlawful Retaliation in Violation of NYLL § 215(1)(A)

86. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

87. Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because (i) such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

88. Defendants violated the NYLL by terminating Plaintiff's and Plaintiff's wife's employment with Defendants.

89. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer, monetary damages.

90. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

91. By the foregoing reasons, Plaintiff seeks such equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of an order and judgment against Cosan Construction Corp., Cosan New York Inc., and Terence Ferguson, individually and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b) Cosan Construction Corp., Cosan New York Inc., and Terence Ferguson.

(b) Certification of this case as a class action pursuant to Rule 23 of the FRCP against Cosan Construction Corp., Cosan New York Inc., and Terence Ferguson.

(c) Designation of the named Plaintiff as a representative of the Rule 23 Class and counsel of record as Class Counsel;

(d) Damages for the unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(e) Damages for unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(f) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(g) Penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(h) Punitive damages and other damages under the NYLL stemming from Defendants' unlawful retaliatory actions;

(i) For pre-judgment and post-judgment interest on the foregoing amounts;

(j) For the costs and disbursements of the action, including attorneys' fees;

(k) For such other further and different relief as the Court deems just and proper.

Dated:  September 3, 2021
        New York, New York

                      Respectfully submitted,

                      **THE LAW OFFICES OF JACOB ARONAUER**

                      */s/ Jacob Aronauer*
                      Jacob Aronauer
                      *Attorney for Plaintiff*