UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR MELENDEZ,

                Plaintiff,

      -against-

COSAN CONSTRUCTION CORP., et al.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/10/2023
```

21-CV-07426 (BCM)

**CORRECTED ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the parties' joint motion for an order relieving them of their obligation to submit the terms of their proposed settlement agreement for judicial review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), will be denied.[1]

## Background

Plaintiff Hector Melendez, a construction worker, filed this action on September 3, 2021, to recover overtime wages and related relief under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Compl. (Dkt. 1) ¶ 1. On December 13, 2021, defendants Cosan Construction Corp., Cosan New York Inc., and Terence Ferguson moved to compel arbitration of plaintiff's claims before the American Arbitration Association (AAA). (Dkt. 22.) Defendants relied on a pre-dispute arbitration agreement that plaintiff executed on June 21, 2021, in exchange for "an opportunity to continue his employment." Declaration of Terence Ferguson (Ferguson Decl.) (Dkt. 25) ¶ 3 & Ex. A (Arb. Ag.). On December 14, after plaintiff advised that he did not oppose the motion, the Hon. Valerie Caproni, United States District Judge, issued an order (12/14/21

---

[1] This corrected order corrects this Court's original May 10, 2023 order by restoring inadvertently omitted text in n.1 and elsewhere. (Dkt. 43.) No substantive changes have been made. The Clerk of Court is respectfully directed to strike the original order at Dkt. 43.

Order) (Dkt. 26) granting it and staying the case "pending the conclusion of the arbitration." 12/14/21 Order at 1.

The parties settled their dispute "on the eve of the Arbitration hearing that was scheduled to commence on January 9, 2023[.]" Declaration of Jason R. Finkelstein (Dkt. 41-1) ¶ 12. On March 13, 2023, after memorializing their settlement in "a more complete Settlement Agreement and Release," *id.*, they filed a joint stipulation of voluntary discontinuance pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Dkt. 33.) By Order dated March 15, 2023, the Hon. Jennifer L. Rochon, United States District Judge, to whom this case had been reassigned, reminded the parties that "in most cases, settlements of claims under the FLSA must be approved by the Court." (Dkt. 35, at 1 (citing *Cheeks*, 796 F.3d 199)). Judge Rochon lifted the stay and referred the case to me for purposes of "the expected settlement motion." *Id.* By Order dated March 17, 2023 (3/17/23 Order) (Dkt. 36), I directed the parties to submit their settlement agreement, along with a joint letter "demonstrating that their settlement is fair and reasonable and should be approved in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)," no later than April 14, 2023. 3/17/23 Order at 1.

On March 30, 2023, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) (Dkt. 38), and on April 6, 2023, they sought a one-week extension of their deadline to file their settlement approval letter (citing "intervening travel schedules" and other logistical difficulties), which I granted. (Dkts. 39, 40.) On April 21, 2023, instead of the expected request for settlement approval, the parties filed a joint motion (Dkt. 41) seeking relief from the obligation to seek such approval. In their accompanying memorandum of law (Mem.) (Dkt. 42), they argue that *Cheeks* and its progeny do not apply here because (i) the case was "incorrectly" filed in this Court, which did not "retain jurisdiction for purposes of later reviewing and approving

the terms of any settlement reached" when it granted defendants' motion to compel arbitration, Mem. at 6, 8; and (ii) the parties' arbitration agreement contains a confidentiality clause, the benefits of which would be lost if they were required to "present the terms of their settlement for review in open court." *Id.* at 6, 9. They add that requiring them to submit their settlement agreement for *Cheeks* review could have a "chilling effect that discourages parties from settling their arbitrations and [encourages them] to instead wait to be bound by a confidential ruling issued by the arbitrator." *Id.* at 9.

The parties rely primarily on *Agha v. TForce Final Mile, LLC*, 2018 WL 6982112, at *1 (S.D.N.Y. Dec. 26, 2018), in which Judge Pauley declined to conduct a *Cheeks* review under similar circumstances, reasoning that the litigants before him "waived their choice of a judicial forum" when they commenced arbitration. *Id.* at *2. Although the parties suggest that other courts have reached a similar result, *see* Mem. at 7, 8 (urging the Court to follow "those cases where courts decline *Cheeks* review" in the arbitration context), they do not identify any such decisions. Nor has this Court located any.

## Discussion

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d at 206. In *Samake v. Thunder Lube, Inc.*, 24 F.4th 804 (2d Cir. 2022), the court extended that holding to Rule 41(a)(1)(A)(i) or (ii) dismissals of FLSA claims without prejudice, where – as here – the dismissal is pursuant to a negotiated settlement of those claims. *See id.* at 810 ("The concern of *Cheeks* was with the settlement that included as one of its terms the dismissal of the action, and not specifically with whether the dismissal was with prejudice or without.") As the *Samake* court explained, the abuses that judicial review is intended to combat,

including "settlements with highly restrictive confidentiality provisions, overbroad releases, and fee awards that were disproportionate and unreasonable," could just as easily be "achieved with a dismissal without prejudice coupled with a broad release. Cold comfort that a plaintiff could unwittingly sign away FLSA claims in a secret settlement while representing to the district court that the dismissal is without prejudice." *Id.*

Nothing in *Cheeks*, *Samake*, or any post-*Samake* decision suggests that an FLSA settlement is exempt from judicial fairness review simply because it was reached while the case was stayed pending arbitration. To the contrary: with the exception of *Agha* (which was decided pre-*Samake*), district courts within our Circuit have uniformly held that such a settlement must be reviewed for fairness like any other FLSA settlement. *See Latture v. 101-109 Cafe Inc.*, 2022 WL 17577865, at *1-2 (E.D.N.Y. Dec. 12, 2022) (Cogan, J.) (holding that the district court could not "rubber stamp" the parties' Rule 41(a)(1)(A)(ii) stipulation of dismissal, even though their settlement, reached while plaintiff's FLSA claims were stayed pending AAA arbitration, was said to be "fair and reasonable" by an AAA arbitrator/mediator); *Caccavelli v. Jetro Cash & Carry Enters., LLC*, 2020 WL 5752104, at *1 (E.D.N.Y. Sept. 25, 2020) (Chen, J.) (holding that "a *Cheeks* review for fairness is required where a Court retains jurisdiction over a matter by staying a case, *and* a FLSA case settles before arbitration is concluded") (emphasis in original); *Brittle v. Metamorphosis, LLC*, 2021 WL 606244, at *1-2 (S.D.N.Y. Jan. 22, 2021) (Ramos, J.) (holding that a *Cheeks* review is required before an FLSA plaintiff may dismiss his case pursuant to an out-of-court settlement, even where the defendant has not yet appeared and "the case was stayed and subject to arbitration"); *see also Moton v. Maplebear Inc.*, 2016 WL 616343, at *6 (S.D.N.Y. Feb. 9, 2016) (McMahon, J.) ("Nothing in *Cheeks* stands for the proposition that FLSA claims cannot be arbitrated; it does, however, mean that any settlement of such a claim must be court-approved.")

The parties' arguments to the contrary are unavailing. First, this Court was never ousted of jurisdiction over the parties' FLSA dispute. In accordance with *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015), Judge Caproni stayed the case, rather than dismiss it, pending arbitration. 12/14/21 Order at 1. Thus, there was no need to "retain jurisdiction" for the purpose of reviewing any eventual settlement under *Cheeks*. As Judge Ramos explained in *Brittle*, "in a FLSA case subject to arbitration, '[a]lthough the arbitrator will have primary jurisdiction over deciding the substantive claims in the parties' dispute, a court compelling parties to arbitration under the [Federal Arbitration Act] does not divest itself of full jurisdiction over the case by doing so." 2021 WL 606244, at *2 (quoting *Caccavelli*, 2020 WL 5752104, at *3) (alteration in original). To the extent the *Agha* court suggested that the parties to an arbitrable controversy may *never* return to court, even for matters other than "deciding the substantive claims in the parties' dispute," *Brittle*, 2021 WL 606244, at *2, I respectfully disagree. *See Katz*, 794 F.3d at 346 n.7 (noting that, after arbitration is compelled and the case is stayed, "[a]rbitrating parties may return to court, *inter alia*, to resolve disputes regarding the appointment of an arbitrator or to fill an arbitrator vacancy, 9 U.S.C. § 5; to compel attendance of witnesses or to punish witnesses for contempt, *id.* § 7; and to confirm, vacate, or modify an arbitral award, *id.* §§ 9-11").

Second, it is well-settled, as a matter of public policy, that the parties to an FLSA settlement cannot make its terms confidential by contract. *See Brittle*, 2021 WL 606244, at *4 ("Courts in this District reject agreements that contain 'confidentiality provisions that would undermine the broad remedial purposes of the FLSA.'") (quoting *Santos v. Yellowstone Props., Inc.*, 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016)); *Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) ("Confidentiality clauses are contrary to public policy and the remedial purposes of the FLSA because they 'prevent the spread of information about FLSA actions to other

workers . . . who [could] then use that information to vindicate their own statutory rights.'") (quoting *Lopez v. Ploy Dee, Inc.*, 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016)) (alteration in original). Indeed, "highly restrictive confidentiality provisions," which prevent FLSA plaintiffs from making common cause with others similarly situated, are among the abusive terms that *Cheeks* review is designed to curtail. *Samake*, 24 F.4th at 810. The parties offer no reason why a confidentiality provision that would be impermissible in a post-dispute settlement agreement deserves deference if it appears in a pre-dispute arbitration agreement that the plaintiff was required to sign in order to "continue his employment." Ferguson Decl. ¶ 3. Thus, even assuming, *arguendo*, that the confidentiality clause in the parties' arbitration agreement "inherently" extends to the terms of their settlement, Mem. at 6,[2] that provision would not trump the law of this Circuit mandating *Cheeks* review of FLSA settlements.

Finally, the parties' public policy argument is unconvincing. They posit that requiring public *Cheeks* review of settlements negotiated on the eve of arbitration hearings might discourage such settlements. Mem. at 9.[3] The same argument, of course, can be (and has been) made with

---

[2] The contract states, in pertinent part, "The arbitration process shall be confidential." Arb Ag. § I.C. The parties are not permitted to disclose "the substance of the arbitration proceedings[.]" This language, given its natural reading, does *not* require them to keep secret the terms of a settlement agreement that, among other things, allowed them to *avoid* the "arbitration proceedings." *See Agha*, 2018 WL 6982112, at *2 (describing the parties' settlement as "apparently brokered precisely to avoid the arbitral forum"). Moreover, the confidentiality provision makes exceptions for disclosures "required by . . . court order . . ., or as otherwise required by law." Arb. Ag. § I.C. In our Circuit, the law requires disclosure of private FLSA settlements to the district court with jurisdiction over those claims.

[3] Arbitral awards do not require *Cheeks* review, because they are adjudications by a neutral (or a panel of neutrals), not negotiated settlements between employers and "[l]ow wage employees" who, "even when represented . . . often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly." *Cheeks*, 796 F.3d at 205 (quoting *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 40 (E.D.N.Y. 2014)). If the parties settle before the arbitration hearing, however, "arbitration no longer affords a forum to ensure FLSA's primary remedial purposes of 'prevent[ing] abuses by unscrupulous employers, and remedy[ing] the

respect to settlements negotiated on the eve of trial, but has been uniformly rejected as insufficient to outweigh "the remedial purposes of the FLSA." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177-80 (S.D.N.Y. 2015) (acknowledging the argument "that confidentiality clauses and non-disclosure agreements encourage settlements by insulating defendants from the possibility of copycat litigation," but concluding that "the congressional purposes underlying the FLSA change the calculus in cases like these," making confidentiality clauses unacceptable in FLSA settlement agreements); *accord Camacho v. Ess-A-Bagel, Inc.*, 2015 WL 129723, at *3 (S.D.N.Y. Jan. 9, 2015) (same); *Wolinsky*, 900 F. Supp. 2d at 338-39 (S.D.N.Y. 2012) ("fear of copycat lawsuits or embarrassing inquiries" cannot justify sealing FLSA settlement agreements, which would "thwart[] Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace") (citation omitted). Those same remedial purposes counsel against making any exception to *Cheeks* for privately-negotiated settlements executed while a case is stayed in favor of arbitration.

---

disparate bargaining power between employers and employees.'" *Brittle*, 2021 WL 606244, at*2 (quoting *Cheeks*, 796 F.3d at 207) (alteration in original).

**Conclusion**

For these reasons, the parties' joint motion for relief from the obligation to submit their settlement agreement to this Court for a *Cheeks* review (Dkt. 41) is DENIED. The parties shall submit the agreement, together with a joint letter in compliance with the 3/17/23 Order, no later than **May 24, 2023**.

Dated: New York, New York
      May 10, 2023

                  **SO ORDERED.**

                  _____

                  **BARBARA MOSES**
                  **United States Magistrate Judge**